UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VADIM BABYREV,

                    Plaintiff,

v.

DR. A. LANOTTE, Psychiatrist at Kirby Forensic Psychiatric Center; SHTA SANZ; SENIOR SHTA OYAKHILOME; DR. MORTIERE, Psychologist at Kirby Forensic Psychiatric Center; SOCIAL WORKER JI LING, at Kirby Forensic Psychiatric Center; and ANN MARIE T. SULLIVAN, Commissioner of Mental Health of the State of New York; each individually and in their official capacities,

                    Defendants.

**ORDER**

16 Civ. 5421 (ER)

RAMOS, D.J.

      On July 7, 2016, Vadim Babyrev, a patient at Kirby Forensic Psychiatric Center, brought this action, *pro se,* pursuant to 42 U.S.C. § 1983 against Dr. A. Lanotte and other officials employed by the Kirby Psychiatric Center and New York State (collectively, "Defendants"). Doc. 1.  Defendants answered Babyrev's third amended complaint on April 20, 2018.  Docs. 91-94.  On October 3, 2019, the Court denied Babyrev's request for counsel with leave to renew.  Doc. 108.  On October 8, 2020, the Court directed the parties to submit a status report because there had been no activity to advance this matter for over a year.[1]  On October 29, Defendants submitted a status report stating that Babyrev had told Defendants' counsel that he is "medicat[ed] to the point where [he] cannot do legal work" and asked for "legal representation or

---

[1] Neither of Babyrev's other requests advanced his claims.  On October 31, 2019, the Court denied Babyrev's request that it intercede on behalf of another patient at Kirby.  Doc. 111.  On April 23, 2020, a relative of Babyrev's requested, on Babyrev's behalf, that claims related to the COVID-19 pandemic be added to his habeas petition. Doc. 112.  On April 29, Defendants informed the Court that the same request had been filed in his case pending before Hon. Laura Taylor Swain and that his counsel in that matter had already been directed to review those claims for inclusion in that case.  Doc. 113.

stand by Counsel."  Doc. 117.

      Babyrev's renewed request for counsel is denied.  Courts do not have the power to obligate attorneys to represent *pro se* litigants in civil cases.  *Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa,* 490 U.S. 296, 310 (1989).  Instead, pursuant to 28 U.S.C. § 1915(e)(1), the Court may, in its discretion, order that the *Pro Se* Office request that an attorney represent an indigent litigant by placing the matter on a list that is circulated to attorneys who are members of the Court's *Pro Bono* Panel.  *Palacio v. City of New York*, 489 F. Supp. 2d 335, 344 (S.D.N.Y. 2007).  The standards governing the appointment of counsel in *pro se* cases were set forth by the Second Circuit in *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997), *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989), and *Hodge v. Police Officers*, 802 F.2d 58, 60–61 (2d Cir. 1986).  Factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case and Plaintiff's ability to gather the facts and present the case without counsel.  *See Dolan v. Connolly*, 794 F.3d 290, 296 (2d Cir. 2015) (citing factors set forth in *Hodge*, 802 F.2d at 60–62).  Of these, the Court must "first determine whether the indigent's position seems likely to be of substance," *Hodge*, 802 F.2d at 61, and, if this threshold requirement is met, then the Court must consider additional factors, including the *pro se* litigant's "ability to handle the case without assistance," *Cooper*, 877 F.2d at 172; *accord Hendricks*, 114 F.3d at 392.

      At this stage in the proceedings, and without any substantive activity by Babyrev in over a year, the Court is unable to conclude that Plaintiff's claims are likely to have merit.  Babyrev's application for the appointment of *pro bono* counsel is therefore DENIED without prejudice.  To the extent this case remains open, Plaintiff may, however, seek advice from the New York Legal Assistance Group by calling 212-659-6190.

In addition, the Court directs Babyrev to show cause why this case should not be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b) by letter by **<u>Friday, November 20, 2020</u>**.  Failure to comply with Court orders may result in sanctions, including dismissal for failure to prosecute under Rule 41(b).

    It is SO ORDERED.

Dated: October 30, 2020
       New York, New York

                                            Edgardo Ramos, U.S.D.J.