UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VADIM BABYREV,

                    Plaintiff,

          v.                                                    **ORDER**

DR. A. LANOTTE, Psychiatrist at Kirby Forensic          16 Civ. 5421 (ER)
Psychiatric Center; SHTA SANZ; SENIOR SHTA
OYAKHILOME; DR. MORTIERE, Psychologist at Kirby
Forensic Psychiatric Center; SOCIAL WORKER JI LING, at
Kirby Forensic Psychiatric Center; and ANN MARIE T.
SULLIVAN, Commissioner of Mental Health of the State of
New York; each individually and in their official capacities,

                    Defendants.

RAMOS, D.J.

          On July 7, 2016, Vadim Babyrev, a patient at Kirby Forensic Psychiatric Center, brought

this action, *pro se,* against Dr. A. Lanotte and other officials employed by the Kirby Psychiatric

Center and New York State (collectively, "Defendants").  Doc. 1.  On April 20, 2018, Defendants

answered Plaintiff's third amended complaint.  Docs. 91-94.  On October 3, 2019, the Court

denied Plaintiff's first request for counsel with leave to renew because the Court was "unable to

conclude that Plaintiff's claims [we]re likely to have merit."  Doc. 108.  On October 8, 2020, the

Court directed the parties to submit a joint status report because there had been no activity

advancing this case for over a year.  Docs. 115, 118 at 1 n.1. On October 29, Defendants

submitted a status report stating that Plaintiff had expressed to Defendants' counsel that he

wanted "legal representation or stand by Counsel."  Doc. 117.  On October 30, the Court denied

Plaintiff's renewed request for counsel because "[a]t this stage in the proceedings, and without

any substantive activity by Plaintiff in over a year, the Court is unable to conclude that

Plaintiff's claims are likely to have merit." Doc. 118 at 2. In the same order, the Court also directed Plaintiff to show cause why his case should not be dismissed for failure to prosecute by November 20, 2020 and warned that "[f]ailure to comply with Court orders may result in sanctions, including dismissal for failure to prosecute under Rule 41(b)." *Id.* at 3. Despite this warning, Plaintiff has not contacted the Court. Because Plaintiff has failed to prosecute his case for over a year, the Court dismisses his claims with prejudice under Rule 41(b) of the Federal Rules of Civil Procedure.

**I.    Standard**

Courts evaluating dismissal under Rule 41(b) must consider

(1) the duration of the plaintiff's failures,
(2) whether plaintiff had received notice that further delays would result in dismissal,
(3) whether the defendant is likely to be prejudiced by further delay,
(4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard and
(5) whether the judge has adequately assessed the efficacy of lesser sanctions.

*LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citation omitted). When weighing these factors, "[n]o single factor is generally dispositive." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014).

**II.    Discussion**

Each *LeSane* factor weighs in favor of dismissal in this case. *First*, Plaintiff has made no effort to advance his case in over a year. "A delay of eight months to one year in prosecuting a case falls comfortably within the time frames found sufficient" for dismissal under Rule 41(b). *Salem v. City of New York*, No. 16 Civ. 7562 (JGK), 2017 WL 6021646, at *2 (S.D.N.Y. Dec. 4, 2017) (citation omitted).

*Second*, Plaintiff was given notice that his failure to respond to the Court's orders could

2

result in dismissal.  The Court specifically warned that "[f]ailure to comply with Court orders may result in sanctions, including dismissal for failure to prosecute under Rule 41(b)."  Doc. 118 at 3.

*Third,* the Court may presume prejudice from unreasonable delay.  *LeSane*, 239 F.3d at 210.  Because Plaintiff has not done anything to advance his claims in over a year, or complied with the Court's most recent order despite a warning that failure to do so could result in dismissal of his case, the Court perceives no circumstances rebutting this presumption.

*Fourth*, Plaintiff has not seized his "right to due process and a fair chance to be heard." *LeSane*, 239 F.3d at 209.  Indeed, "[i]t is not the function of this Court to chase dilatory plaintiffs while other litigants in this district seek access to the courts."  *Honsaker v. The City of New York*, No. 16 Civ. 3217 (AJN), 2020 WL 6082094, at *3 (S.D.N.Y. Oct. 15, 2020) (quoting *Hibbert v. Apfel*, No. 99 Civ. 4246 (SAS), 2000 WL 977683, at *3 (S.D.N.Y. July 17, 2000)).

*Fifth*, no weaker sanctions than dismissal could remedy his failure to prosecute this case. Not only has Plaintiff failed to advance his case for over a year, but he has also failed to comply with the Court's most recent order.  Like every other litigant, *pro se* plaintiffs must comply with Court orders.  *Virola v. Entire GRVC Dep't of Mental Health Hygiene Servs.*, No. 12 Civ. 1005 (ER), 2014 WL 793082, at *3 (S.D.N.Y. Feb. 21, 2014) (collecting cases).

For all of these reasons, the Court dismisses Plaintiff's case with prejudice.  The Clerk of Court is respectfully directed to close the case.  Chambers will mail a copy of this Order to Vadim Babyrev, K.F.P.C., Ward 2E, 600 E. 125th Street, Wards Island, N.Y. 10035.

It is SO ORDERED.

Dated: December 1, 2020
       New York, New York

_____
        Edgardo Ramos, U.S.D.J.

3